UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-CV-80684-AMC/BER

FI REAL ESTATE FUND TWO LP,

        Plaintiff,

vs.

DONDA, LLC,

        Defendant.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS [ECF No. 19]

This case arises from a failed real estate negotiation. Plaintiff FI Real Estate Fund Two LP ("the Fund") brings a five-count Amended Complaint alleging specific performance (Count I), declaratory relief (Count II), breach of contract (Count III), breach of implied duty of good faith and fair dealing (Count IV), and unjust enrichment (Count V). Defendant Donda, LLC, moves to dismiss all counts on the basis that they fail to state a claim upon which relief can be granted. I have reviewed the Amended Complaint, the Motion, the Response, and the Reply. ECF Nos. 7, 19, 20, 23. I conducted an oral argument on July 27, 2023. ECF No. 28. I also ordered and reviewed supplemental briefing on the choice-of-law issue. ECF Nos. 30, 31. I am fully advised and this matter is ripe for decision. For the reasons set forth below, I recommend that the motion be granted.

I.     LEGAL PRINCIPLES

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this Rule 8 pleading requirements, a claim must provide the defendant fair notice of plaintiff's claim and the grounds upon which it rests. *See Swierkiewicz v. Sorema N.A.,* 534 U. S. 506, 512 (2002). While a claim "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal,* 556 U. S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation"). Nor can a claim rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* 556 U. S. at 678 (*quoting Twombly*, 550 U. S. at 557 (alteration in original)).

On a motion to dismiss under Rule 12(b)(6), the Court must view the well-pled factual allegations in a claim in the light most favorable to the non-moving party. *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016). Viewed in that manner, the factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the claim are true (even if doubtful in fact). *Twombly*, 550 U. S. at 555 (citations omitted). The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 570. In addition, "courts may infer from factual allegations in the

2

complaint obvious alternative explanations, which suggest lawful conduct rather than the unlawful conduct that plaintiff would ask the court to infer." *Am. Dental Assoc. v. Cigna Corp.*, 605 F. 3d 1283, 1290 (11th Cir. 2010) (citing *Iqbal,* 556 U. S. at 682). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal,* 556 U. S. at 678 (quoting *Twombly,* 550 U. S. at 557). When evaluating a motion to dismiss under Rule 12(b)(6):

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal,* 556 U. S. at 679. Factually unsupported allegations based "on information and belief" are not entitled to the assumption of truth. *See Scott v. Experian Info. Sols., Inc.*, 2018 WL 3360754, at *6 (S. D. Fla. June 29, 2018) (J. Altonaga) ("Conclusory allegations made upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the *Twombly* standard.").

"The test for the sufficiency of a complaint for declaratory judgment is not whether the plaintiff will succeed in obtaining the decree he seeks favoring his position, but whether he is entitled to a declaration of rights at all." *Chisholm Properties S. Beach, Inc. v. Arch Specialty Ins. Co.,* No. 21-CV-22960, 2022 WL 356452, at *4 (S.D. Fla. Feb. 7, 2022) (J. Bloom) (citing *Schwab v. Hites,* 896 F. Supp.

2d 1124, 1132 (M.D. Fla. 2012)). "A motion to dismiss a complaint for declaratory judgment is not a motion on the merits. Rather, it is a motion only to determine whether the plaintiff is entitled to a declaration of its rights, not to whether it is entitled to a declaration in its favor." *Royal Selections, Inc. v. Fla. Dep't of Rev.*, 687 So. 2d 893, 894 (Fla. Dist. Ct. App. 1997), *cited in Evanston Ins. Co. v. Company Roof Maint. Roofing Div., LLC,* No. 19-CV-80622, 2019 WL 7881630, at *2 (S.D. Fla. Oct. 25, 2019) (J. Middlebrooks).

II. FACTS

On March 2, 2023, the Fund tendered a written Letter of Intent ("LOI") to Donda which "outline[d] the *major* terms and conditions in which the Buyer would enter in to [sic] a Purchase and Sale Agreement for" real property located at 575 Oak Ridge Turnpike, Oak Ridge, Tennessee. ECF No. 7-1 at 2 (emphasis added). The LOI proposed several express terms, most notably a $4.2 million sales price and a 15-day exclusive negotiation period. It acknowledged that agreement still needed to be reached on other terms.

The LOI said, "If Seller's [sic] are willing to proceed in good faith to attempt to negotiate a mutually acceptable Purchase Contract, please so indicate by signing the acceptance block set forth below and return it to the undersigned." *Id.* at 3. The next day, in Juno Beach, Florida, Donda's managing member signed the LOI under a representation that it was "Accepted and Agreed." *Id.* at 4; ECF No. 31-1 ¶6. The managing member sent the signed LOI to Donda's real estate agent. ECF No. 31-2.

The next day, Donda's real estate agent, Alexander Nulf, emailed the signed LOI from Englewood, Florida, to Plaintiff's agent, Alex Wenzel. *Id.*

The next communication between the parties was thirteen days later (March 16). Mr. Wenzel emailed Mr. Nulf, "Just wanted to check in here — my buyer was asking if we could get this wrapped up before the weekend." ¶17.[1] Mr. Nulf responded the same day, "I'm sorry to inform you that my Seller just got wishy washy again, and will not be Selling." *Id.* Embedded in the response was a communication from Donda to Mr. Nulf saying, "I'm gonna pass on this deal. Went over everything in detail and was dealing with my accountant and it just doesn't make sense to sell at this number." *Id.*

The Fund's lawyer wrote to Donda the next day and asserted that Donda was breaching the LOI by not proceeding with negotiations. ¶18. Donda responded:

> Per our previous conversation, I wanted to reiterate our appreciation of your patience and understanding.
>
> As previously indicated, the Seller proceeded from LOI to drafting a first draft of the purchase agreement for initiation of going under contract. While continuing with his good faith efforts to sell the Subject Property for $4.2M. The Seller then met with his respective counsel, Attorney and Accountant, following the redlines of their initial version of the contract. At that time, the Seller was advised by the accountant that due to a number of variables a sale of the property for $4.2M was not advantageous, or frankly at any pricing in that proximity.
>
> The Seller is now of a position that the negotiation of any terms is a moot point and there is no response on pricing either, as he is no longer Selling the Property at the advice of counsel.

---

[1] Unless otherwise noted, citations to paragraph numbers ("¶") are from the Amended Complaint, ECF No. 7.

> I completely understand any and all frustrations you personally or your Purchaser may have over the process, as I have felt them as well and obviously this was a surprise to the Seller and not the direction he saw the process going. Thank you again for your time and consideration, and please let me know if there is anything else that may be of value at this time.

¶19. On April 5, 2023, Donda offered to sell the property to the Fund for $5,000,000.

¶20.

### III.   DISCUSSION[2]

Donda moves to dismiss on three grounds. First, it argues that all of the Funds' claims must fail because the LOI created no enforceable rights. Second, Donda argues that Count IV (breach of implied duty) is improperly redundant of Count III (breach of contract) because "it is premised on the same alleged conduct — Donda's purported 'breach' of the non-binding LOI." ECF No. 19 at 4. Finally, Donda argues that Count V (unjust enrichment) fails because it does not properly plead that the Fund conferred a benefit on Donda.

Viewing the evidence in the light most favorable to the Fund, the parties agreed (as a matter of fact) to exclusively negotiate in good faith for fifteen days. The parties dispute what, if any, legally enforceable rights and duties derive from that agreement. That decision turns on which State's substantive law applies. Donda

---

[2] *Sua sponte*, I raised the question of whether the Amended Complaint adequately pled subject matter jurisdiction. ECF No. 27. At oral argument, Donda stipulated that its membership made it a Florida LLC. The parties have diverse citizenship, so this Court has subject matter jurisdiction.

argues that Florida law applies. The Fund argues that Tennessee or Indiana law applies.

In a diversity case such as this one, "a federal court must apply the choice of law rules of the forum state to determine which substantive law governs the action." *U.S. Fid. & Guar. Co. v. Liberty Surplus Ins. Corp.,* 550 F.3d 1031, 1033 (11th Cir. 2008) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S. Ct. 1020, 1021, 85 L. Ed. 1477 (1941)).

In contract cases unrelated to the conveyance of an interest in real property, "Florida courts traditionally have applied the doctrine of *lex loci contractus.*" *U.S. Fid & Guar. Co.,* 550 F.3d at 1033. For issues relating to execution, interpretation, and validity of a contract, the laws of the jurisdiction where the contract was executed govern. *In re Est. of Nicole Santos*, 648 So. 2d 277, 280 (Fla. Dist. Ct. App. 1995). "Conversely, questions related to the manner or method of performance under a contract are determined by the law of the place of performance." *Higgins v. W. Bend Mut. Ins. Co.*, 85 So. 3d 1156, 1158 (Fla. Dist. Ct. App. 2012). A contract is executed where the last act necessary to complete the contract is done. *Prime Ins. Syndicate, Inc. v. B.J. Handley Trucking, Inc.*, 363 F.3d 1089, 1093 (11th Cir. 2004). The last act necessary to complete a contract is the offeree's communication of acceptance to the offeror. *Id.* "The deposited acceptance rule remains the law in Florida. A contract is complete upon deposit of the acceptance in the mail." *J. Lynn Const., Inc. v. Fairways at Boca Golf & Tennis Condo. Ass'n, Inc.,* 962 So. 2d 928, 930 (Fla. Dist. Ct. App. 2007) (citing *Morrison v. Thoelke,* 155 So.2d 889, 897–98 (Fla. Dist. Ct. App. 1963)).

7

Where the acceptance is sent by email, the contract is executed in the state from which the email originates. *See Worldwide Distributors, Inc. v. Maven Med, Inc.*, No. 22-23635-CIV, 2023 WL 4303847, at *18-19 (S.D. Fla. June 15, 2023) (J. Goodman), *report and recommendation adopted*, No. 22-23635-CIV, 2023 WL 4295421 (S.D. Fla. June 30, 2023); *In re Rolsafe Int'l, LLC*, 477 B.R. 884, 902 (Bankr. M.D. Fla. 2012).

Here, Mr. Nulf emailed the signed LOI to Mr. Wenzel from Florida, so Florida law applies. Donda submitted a sworn declaration from Mr. Nulf attesting that the signed LOI was emailed from Florida. ECF No. 31-2. The Fund did not offer any contradictory evidence. Instead, the Fund argues that Indiana law applies because, "the last act necessary to complete the parties' agreement as detailed in the LOI was Donda's agent's communication of the signed LOI to Plaintiff. Since Donda's agent's office is located in Indiana, it can be inferred that this final step occurred in Indiana." ECF No. 30 at 3. Mr. Nulf's declaration directly refutes this argument.[3]

Under Florida law, "[w]here essential terms of an agreement remain open, and subject to future negotiation, there can be no enforceable contract." *Dows v. Nike, Inc.,* 846 So. 2d 595, 602 (Fla. Dist. Ct. App. 2003) (citing *Suggs v. Defranco's, Inc.,* 626 So.2d 1100, 1101 (Fla. Dist. Ct. App. 1993)); *see generally CSX Transp., Inc. v. Pro. Transp., Inc.*, 467 F. Supp. 2d 1333, 1340 (M.D. Fla. 2006) (collecting cases).

The Eleventh Circuit's decision in *Aldora Aluminum & Glass Prod., Inc. v. Poma Glass & Specialty Windows, Inc.,* 683 F. App'x 764, 769 (11th Cir. 2017), is

---

[3] By separate Order, I rejected the Fund's argument that Tennessee law applies. ECF No. 29.

instructive. The parties executed a Memorandum of Understanding ("MOU") for the sale of glass manufacturing equipment. It made the sale contingent on the parties coming to "acceptable agreements" for the purchaser to lease the seller's manufacturing plant prior to closing. The parties never reached a lease agreement. The seller sold the plant to a third party. The buyer sued for breach of contract, breach of implied covenant of good faith and fair dealing, and promissory estoppel.

> The Eleventh Circuit said:
>
> In Florida, an enforceable contract exists only if, among other things, the parties to the contract have sufficiently defined all essential terms of the agreement. "The creation of a contract requires that there be mutual assent to a certain and definite proposition." "If the essential terms [of the contract] are so uncertain that there is no basis for deciding whether the agreement has been kept or broken, there is no contract."
>
> …
>
> The enforceability of the MOU depends entirely upon whether the lease transition provision provided a sufficiently definite basis to determine whether the agreement had been kept or broken. A mere agreement to agree "is unenforceable as a matter of law." And, similarly, a contract containing ambiguous material terms is unenforceable because "the parties never reached a meeting of the minds regarding an essential term of the agreement."
>
> …
>
> The undefined term "acceptable agreement" simply provides "no basis for deciding whether the [MOU] has been kept or broken." At most, this language represents an agreement to agree on lease terms at some point in the future: a proposition that we can afford no legal remedy because "there [is] no way to determine whether the parties would have reached an agreement."

9

*Id.* at 767-69 (citations omitted). Because agreeing on lease terms was an essential element of the MOU, "not a collateral or incidental matter," *id.* at 768, the Eleventh Circuit found there was no enforceable contract.

Here, the unambiguous terms of the LOI show that it does not represent an agreement on the essential terms of the transaction. Therefore, it is unenforceable under Florida law.

The first sentence of the LOI, as propounded by the Fund, said, "The following Letter of Intent outlines the major terms and conditions on which [the Fund] would enter into a Purchase and Sale Agreement for the below referenced property." ECF No. 7-1 at 2. The LOI then listed the terms acceptable to the Fund. This was the Fund's offer.

The LOI did not ask Donda to accept these terms. Instead, immediately below the list of terms, it asked Donda to agree to proceed with good faith negotiations, and to indicate its willingness to have those negotiations by signing the LOI: "If [Donda is] willing to proceed in good faith to attempt to negotiate a mutually acceptable Purchase Contract, please so indicate by signing the acceptance block set forth below and return it to the undersigned." *Id.* at 3.[4] The LOI then further clarified that

---

[4] Donda argues that an agreement to "attempt to negotiate" is too amorphous to create an enforceable obligation. Donda reads too much into this phrase. Viewed in the light most favorable to the Fund and looking at the totality of the LOI in context, a reasonable interpretation is that the parties agreed to bargain in good faith to reach final terms for the transfer of the Tennessee property.

10

Donda's signature was not an agreement to the proposed terms, but rather was an agreement only to continue negotiations for fifteen days:

> Execution of this otherwise non-binding letter of intent shall obligate us *only* to attempt to negotiate terms for a Purchase Contract mutually satisfactory to both parties and their respective counsel. It is hereby agreed that if both parties have not agreed upon the form and content of a mutually satisfactory Purchase Contract within fifteen (15) days, neither party shall be under any further obligation to negotiate with each other.

*Id.* at 3 (emphasis added).

The breach of contract claim — Count III — must be dismissed because there is no enforceable contract. And, under Florida law, where no valid contact exists, there is no enforceable duty of good faith and fair dealing, *Aldora* 683 F. App'x at 769., so, Count IV must also be dismissed. Similarly, Count I fails because an enforceable contract is a precondition for a decree of specific performance. *Skyjet, Inc. v. CSDS Asset Mgmt., LLC*, No. 22-CV-21651, 2022 WL 4769113, at *6 (S.D. Fla. Aug. 22, 2022) (J. Damian), *report and recommendation adopted sub nom. Skyjet, Inc. v. CDS Asset Mgmt., LLC,* No. 22-21651-CIV, 2022 WL 16948979 (S.D. Fla. Nov. 15, 2022).

The Fund's claim for declaratory relief also must be dismissed. Count II alleges "an actual controversy exists as to whether Donda breached a valid, enforceable, and legally binding obligation to negotiate in good faith [and] to negotiate exclusively with Plaintiff and not with any other potential purchasers." ¶44. As a matter of law, there is no enforceable agreement between the parties, so no ripe controversy exists.

Finally, Donda argues that Count V — unjust enrichment — fails because it does not properly plead that the Fund conferred a benefit on Donda. Conferring a benefit is a required element of unjust enrichment under Florida law. *See, e.g., Virgilio v. Ryland Grp., Inc.,* 680 F.3d 1329, 1337 (11th Cir. 2012); *Duty Free World, Inc. v. Miami Perfume Junction, Inc.,* 253 So. 3d 689, 693 (Fla. Dist. Ct. App. 2018). The Fund responds that it conferred a benefit on Donda "through the ownership and increased expectancy revenue, profits, business value and equity value in the Property that rightfully belonged to Plaintiff, but which Donda has wrongfully retained by virtue of its conduct." ECF No. 20 at 15 (citing ¶80). The Fund's argument presumes a non-existent fact — the Fund would have bought the Tennessee property after good faith negotiations between the parties. It is speculative that a final mutually-agreeable bargain would have been reached. As such, the Amended Complaint does not plausibly allege that the Fund conferred a benefit on Donda, so Count V should be dismissed.

The Amended Complaint should be dismissed with prejudice. Further amendment would be futile.

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court GRANT the Motion to Dismiss the Amended Complaint WITH PREJUDICE. ECF No. 19.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District

Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 17th day of August 2023.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE