UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

FI REAL ESTATE FUND TWO LP,

    Plaintiff,

vs.

DONDA, LLC,

    Defendant.

Case No. 9:23-cv-80684-AMC

**PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S AUGUST 17, 2023
REPORT AND RECOMENDATION**

Pursuant to Fed. R. Civ. P. 72(b)(2), plaintiff, FI Real Estate Fund Two LP ("Plaintiff"), hereby submits its objections to the Magistrate Judge's Report and Recommendation on Defendant's Motion to Dismiss dated August 17, 2023 ("Report") [ECF 32], and states as follows:

### INTRODUCTION

On April 21, 2023, Plaintiff commenced this action by filing its original Complaint against defendant, Donda, LLC ("Donda"). [ECF 1.] Plaintiff filed the operative First Amended Complaint ("FAC") on April 26, 2023. [ECF 7.] Plaintiff's claims are premised on Donda's alleged bad faith refusal to honor its contractual and implied obligation to negotiate in good faith and other breaches of the parties' letter of intent ("LOI") concerning a piece of commercial real property located in Tennessee ("Property").

On June 14, 2023, Donda filed a Rule 12(b)(6) motion to dismiss the FAC. [ECF 19.] The parties fully briefed the motion to dismiss. [ECF 19, 20, 23.] On August 17, 2023, the Honorable Bruce E. Reinhart issued his Report recommending that Donda's motion be granted. [ECF 32.] The within objections now follow.

1

# ARGUMENT[1]

## I. Standard of Review

### A. Objections to Magistrate's Reports

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. Fed. R. Civ. P. 72(b)(2); *see also Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews *de novo* those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed *de novo*, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

### B. Rule 12(b)(6)

The Federal Rules of Civil Procedure generally do not require a plaintiff to set out in detail the facts upon which it bases its claim. *Ohio Farmers Ins. Co. v. Nestal*, No. 8:10-CV-1948-T-33MAP, 2011 WL 2532394, at *1 (M.D. Fla. June 1, 2011). Instead, a plaintiff is merely required to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss should be denied where, assuming "all the allegations

---

[1] As the factual allegations are set forth in the FAC and discussed below, Plaintiff will not restate those allegations here and, instead, will devote its response to fully addressing each of Plaintiff's objections to the Report, in turn. Capitalized terms used herein have the same meaning as set forth in the FAC unless otherwise defined herein. Plaintiff further incorporates the arguments and authorities set forth in its Opposition to Donda's Motion to Dismiss the FAC. [ECF 20.]

in the complaint are true (even if doubtful in fact)," the plaintiff pleads "a claim to relief that is plausible on its face." *Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1275 (11th Cir. 2012) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The standard is one of 'plausible grounds to infer.'" *Watts v. Florida International University*, 495 F.3d 1289, 1295-96 (11th Cir. 2007) (citation omitted). The rule "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary element. It is sufficient if the complaint succeeds in 'identifying facts that are suggestive enough to render [the element] plausible.' *Id*. (citations omitted).

**II.   The Magistrate Judge Erred in Determining that Florida Law Governs Plaintiff's Claims, Rather Than Tennessee Law**

In Florida, disputes centered on real property are governed by the law of the state in which the real estate lies. *See Commodore Plaza Condo. Ass'n, Inc. v. Evanston Ins. Co*., No. 21-CV-24328, 2022 WL 3139106, at *4 (S.D. Fla. Aug. 5, 2022) ("Florida courts have traditionally applied the law of the situs in disputes centered on real property.") (*citing Shapiro v. Associated Int'l Ins. Co*., 899 F.2d 1116, 1121 (11th Cir. 1990)); *U.S. Fid. & Guar. Co. v. Liberty Surplus Ins. Corp*., 550 F.3d 1031, 1034 (11th Cir. 2008) ("Florida courts also have departed from the rule of *lex loci contractus* in disputes that involve contracts related to the conveyance or devise of real property."); *Xanadu of Cocoa Beach, Inc. v. Zetley*, 822 F.2d 982, 985 (11th Cir. 1987) ("In Florida, ... the validity of a contract to convey an interest in real estate is governed by the law of the state in which the real estate lies."); *Kyle v. Kyle,* 128 So.2d 427, 429 (Fla. Dist. Ct. App. 1961) ("When a contract executed in one state involves land in another … and the question arises whether

3

such contract creates a right in rem in the land, it is ordinarily governed by the *lex rei sitae*."); *see also* Restatement (Second) of Conflict of Laws § 189.

The LOI and this dispute concern real property. Because the subject Property lies in Tennessee (*see* ECF 7 at ¶ 6; ECF 7-1 at p. 2[2]), all aspects of the LOI—formation, validity, performance, and remedies—are determined in accordance with the principles of Tennessee law. The same goes for Plaintiff's quasi-contractual unjust enrichment claim. The law of Tennessee, not Florida, therefore, governs the validity and interpretation of any document or oral agreement intended to convey, or having the effect of conveying, any legal or equitable interest in the Property. *See, e.g., Xanadu*, supra.

The Magistrate Judge determined that Florida law rather than Tennessee governs this dispute after first reasoning that the LOI was a contract "unrelated to the conveyance of an interest in real property." [ECF 32 at p. 7 ("In contract cases unrelated to the conveyance of an interest in real property, 'Florida courts traditionally have applied the doctrine of *lex loci contractus*.'").] As discussed below, the Magistrate Judge then went on to determine that the LOI was not an enforceable contract for the sale of the Property. [Id. at p. 6.]

The Magistrate erred in determining that the LOI is unrelated to the transfer of real estate. The Magistrate Judge's determination is belied by his own analysis of whether the LOI constitutes an enforceable contract for the sale of the Property. Moreover, as this Court recently noted, Florida courts apply the law of the situs in disputes *centered on* real property, not just in disputes directly concerning the conveyance of real property. *See Commodore Plaza Condo. Ass'n, Inc.*, 2022 WL 3139106, at *4 (citing cases). In an analogous case, the Third Circuit Court of Appeals applied Florida law to a dispute over the enforceability of a letter of intent concerning real property located

---

[2] Pin cites are to the ECF Page number at the top right of the document.

4

in Florida where the forum state was New Jersey. *See W. Palm Beach Hotel, LLC v. Atlanta Underground, LLC*, 626 F. App'x 37, 41 (3d Cir. 2015) ("Although the forum state is New Jersey, the case centers on the transfer of Florida real estate between parties with complex citizenship."). As in this case, the *W. Palm Beach Hotel* case involved a claim that the other side was obligated to negotiate in good faith toward a sale of the real property based on the letter of intent's requirement that the parties negotiate a purchase and sale agreement in good faith. 626 F. App'x at 41-42. This dispute in this case is centered on the transfer of Tennessee real estate between parties with complex citizenship. [ECF 7 at ¶¶ 1-2, 6.] Thus, Tennessee law applies to this dispute because that is where the subject Property is located.

**III.   The Magistrate Judge Erred in Determining that the LOI Does Not Include Enforceable Contractual Obligations to (i) Negotiate in Good Faith, (ii) Negotiate Exclusively with Plaintiff, and (iii) Keep the LOI Confidential**

   **1.   The LOI Included an Enforceable Contractual Obligation to Negotiate in Good Faith[3]**

With its breach of contract claim (Count III), Plaintiff alleges that Donda contractually agreed in the LOI to negotiate in good faith toward a purchase and sale agreement and that Donda breached this promise. The Magistrate Judge determined that "[v]iewing the evidence in the light most favorable to the [Plaintiff], the parties agreed (as a matter of fact) to exclusively negotiate in good faith for fifteen days." [ECF 32 at 6.] The Magistrate also determined that "[v]iewed in the light most favorable to the [Plaintiff] and looking at the totality of the LOI in context, a reasonable

---

[3] While Plaintiff disagrees that Florida law governs the obligation to negotiate in good faith contained in the LOI for the reasons set forth above, there is no practical difference between Florida and Tennessee law when it comes to the LOI's contractual obligation to negotiate in good faith. As explained below, under either state's law, a cause of action exists for breach of contract even where the only agreed-upon contractual term is the duty to negotiate in good faith toward a final agreement. The same is true for the LOI's exclusivity and confidentiality obligations.

5

interpretation is that the parties agreed to bargain in good faith to reach final terms for the transfer of the Tennessee property." [Id. at p. 10, n. 4.]

Despite finding that the parties agreed in the LOI that they would negotiate in good faith the terms of a purchase agreement, the Magistrate Judge dismissed the breach of contract claim based on his determination that the LOI was not an enforceable contract for the sale of the Property. [Id. at p. 10-11.] This was clear error. The Magistrate Judge conflated the issues of whether the LOI included an enforceable contract to negotiate in good faith with the separate issue of whether the LOI was an enforceable contract for the sale of the Property. Plaintiff alleges that Donda breached the former, not the latter. The cases the Magistrate Judge and Donda cited are thus inapposite.

Under both Tennessee and Florida law, to prove a breach of contract claim, a plaintiff must establish: (1) the existence of a contract, (2) a breach of the contract, (3) and that the breach of the contract was the proximate cause of damages. *See, e.g., C & W Asset Acquisition, LLC v. Oggs*, 230 S.W.3d 671, 676–77 (Tenn.Ct.App.2007) (*citing ARC LifeMed, Inc. v. AMC—Tenn., Inc.*, 183 S.W.3d 1, 26 (Tenn.Ct.App.2005)); *Asset Mgmt. Holdings, LLC v. Assets Recovery Ctr. Invs., LLC*, 238 So. 3d 908, 912 (Fla. 2d DCA 2018).

The LOI constitutes a contract. The fact that some of the terms required further negotiation does not negate the binding nature of the agreement. Under Florida law, letters of intent give rise to the duty to negotiate in good faith when there is a contractual agreement to do so. *See West Palm Beach Hotel, LLC*, 626 Fed. Appx. At 42 (applying Florida law and finding contractual duty to negotiate in good faith under LOI); *Berkery v. Pratt*, No. 08-14146-CIV, 2008 WL 11409018, at *3 (S.D. Fla. Oct. 7, 2008) (letter of intent "can establish parameters for continued negotiations

6

such as the obligation of good faith bargaining.") (*citing See Sonesta Int'l Hotels Corp. v. Colony Square Co.*, 482 F.2d 281 (5th Cir. 1973)).

The same is true under Tennessee law. *See Small v. Memphis Light, Gas & Water*, No. 217CV02118SHLDKV, 2019 WL 13260272, at *2 (W.D. Tenn. May 29, 2019), aff'd, 952 F.3d 821 (6th Cir. 2020); *S.K. Servs. v. FedEx Ground Package Sys., Inc.*, No. 1:08-CV-158, 2008 WL 5204067, at *3 (E.D. Tenn. Dec. 11, 2008); *Barnes & Robinson Co., Inc. v. OneSource Facility Servs., Inc.*, 195 S.W.3d 637, 644 (Tenn. Ct. App. 2006); *Gurley v. King*, 183 S.W.3d 30, 40 (Tenn. Ct. App. 2005) (*citing Teachers Ins. & Annuity Ass'n v. Tribune Co.*, 670 F. Supp. 491, 498 (S.D.N.Y. 1987)); *Kandel v. Ctr. for Urological Treatment & Rsch.*, P.C., No. M2000-02128-COA-R3CV, 2002 WL 598567, at *5 (Tenn. Ct. App. Apr. 17, 2002).

Indeed, "[m]any jurisdictions recognize a cause of action for breach of contract even where the only agreed-upon contractual term is the duty to negotiate in good faith toward a final agreement." *W. Palm Beach Hotel, LLC*, 626 F. App'x at 42 (citing cases); *see also SIGA Techs., Inc. v. PharmAthene, Inc.*, 67 A.3d 330, 344 (Del. 2013); (under Delaware law, "an express contractual obligation to negotiate in good faith is binding on the contracting parties."); *Flight Sys., Inc. v. Elec. Data Sys. Corp.*, 112 F.3d 124, 131 (3d Cir. 1997) (*citing Channel Home Centers, Div. of Grace Retail Corp. v. Grossman*, 795 F.2d 291, 296 (3d Cir. 1986) (same under Pennsylvania law); *Teachers Ins. & Annuity Ass'n,* 670 F. Supp. at 498 ("For the parties can bind themselves to a concededly incomplete agreement in the sense that they accept a mutual commitment to negotiate together in good faith in an effort to reach final agreement within the scope that has been settled in the preliminary agreement."). As the First Circuit has noted, "many more jurisdictions have recognized the enforceability of contracts to negotiate than have repudiated that doctrine" and "the trend line appears to be moving steadily in favor of recognizing

a cause of action for breach of a contract to negotiate." *Butler v. Balolia*, 736 F.3d 609, 614 (1st Cir. 2013) (collecting cases and treatises).

The LOI is an enforceable contract establishing the parameters for the parties' continued negotiations, including the enforceable obligations to negotiate in good faith, to deal with Plaintiff exclusively, and to treat the LOI confidential. Even under Florida law, the entire premise of the Report fails because letters of intent are not categorically unenforceable in Florida as the Magistrate Judge determined.

The Magistrate Judge principally relied on the Eleventh Circuit's decision in *Aldora Aluminum & Glass Prod., Inc. v. Poma Glass & Specialty Windows, Inc.*, 683 F. App'x 764, 766 (11th Cir. 2017). (ECF 32 at p. 8-10.) In *Aldora*, the parties executed a Memorandum of Understanding ("MOU") setting forth the terms under which the plaintiff would purchase the defendant's assets. 683 F. App'x at 766. The MOU stated that it was legally binding on the parties, but the sale was subject to several conditions. *Id*. One of the conditions involved the parties individually negotiating "acceptable agreements" with the lessor of the facility where the assets were located, so that the defendant could exit the current lease and the plaintiff could execute a new lease. *Id*. The defendant was unsuccessful in negotiating a release with the lessor on terms that were acceptable to the defendant. *Id*. at 767. The defendant's parent company subsequently sold the business unit that included the defendant to a third party. *Id*. The plaintiff filed an action against the defendant for breach of the MOU. *Id*. The defendant filed a motion for summary judgment, asserting that the MOU was unenforceable because a material provision of the agreement involving the resolution of the facility lease had not been adequately defined. *Id*. On appeal, the Eleventh Circuit agreed that the MOU did not constitute an enforceable contract for

the sale of the defendant's assets. At most, the court ruled, the MOU constituted a mere agreement to agree that is unenforceable under Florida law. *Id.* at 770.

To the extent the *Aldora* case is instructive, it is inapposite. In *Aldora*, the parties' MOU did not have any contractual obligation to negotiate exclusively and in good faith. Here, by contrast—as the Magistrate Judge correctly determined—Plaintiff and Donda agreed in the LOI that they would negotiate in good faith for a 15-day exclusivity period. Unlike in *Aldora*, Plaintiff does not claim that the LOI constitutes an enforceable contract for the sale of the Property. Rather, Plaintiff claims that Donda contractually agreed in the LOI to negotiate in good faith toward a final agreement. That is an enforceable contract obligation under either Florida or Tennessee law.[4] The *Aldora* case and the other case law cited by the Magistrate Judge and by Donda is simply inapposite and refers to different factual scenarios and allegations.

### 2. The LOI Also Included Enforceable Contractual Obligations to Negotiate Exclusively with Plaintiff and to Keep the LOI Confidential

Plaintiff further alleges that the LOI constitutes a binding agreement between the parties that Donda would deal exclusively with Plaintiff and treat the LOI and contemplated transactions confidentially during the fifteen-day window. [ECF 7 at ¶¶ 15-16, 27, 44, 52.] Plaintiff alleges that, after unilaterally terminating the LOI, Donda and its agent continued to solicit offers to purchase the Property from other potentially interested parties despite Donda's express promise in the LOI that it would negotiate and execute a purchase and sale agreement withing fifteen days and that Donda would negotiate exclusively with Plaintiff and treat the LOI and contemplated transactions confidentially. As alleged, Donda and its agent used the LOI's purchase price to

---

[4] The Magistrate Judge does not offer any analysis in his Report of whether the FAC sufficiently alleges that Donda breached its express contractual obligation in the LOI to negotiate with Plaintiff in good faith. As such, Plaintiff does not address Donda's breach and instead refers the Court to Plaintiff's analysis contained in its objection to Donda's motion to dismiss. [ECF 20 at p. 4-12.]

solicit higher offers from third parties. [Id. at ¶ 21; *see also* ¶¶ 32, 56.] Taking these allegations as true, Plaintiff has alleged sufficient facts to show that Donda breached an enforceable contractual obligation to negotiate exclusively with Plaintiff and not with any other potential purchasers and to keep the LOI confidential.[5]

## IV. The Magistrate Judge Erred in Dismissing Plaintiff's Breach of the Implied Duty of Good Faith and Fair Dealing Claim

With Count IV, Plaintiff alleges that even if it is wrong that the parties' contract expressly requires good-faith negotiation (which it does), the LOI does so impliedly. Under Tennessee law, which governs this dispute, parties to a contract owe each other a duty of good faith and fair dealing as it pertains to the performance of a contract. *See Dick Broad. Co. of Tennessee*, 395 S.W.3d at 660; *Barnes & Robinson Co., Inc.*, 195 S.W.3d at 643-44. The purpose of this implied covenant is (1) to honor the reasonable expectations of the contracting parties and (2) to protect the rights of the parties to receive the benefits of the agreement into which they entered. *Barnes & Robinson Co., Inc.*, 195 S.W.3d at 642–43. The determination of what is required by the duty of good faith in a given case turns on an interpretation of the contract at issue. *Id.*

Plaintiff alleges in the alternative to its breach of contract claim that the LOI contained an implied covenant of good faith and fair dealing. [ECF 7 at ¶ 65.] If Donda could unilaterally terminate the LOI and the contemplated sale of the Property and take the Property back to market at any time, without any requirement to negotiate with Plaintiff in good faith, then Plaintiff's reasonable expectations under the LOI would be thwarted, and Plaintiff would completely lose the

---

[5] The Magistrate Judge did not address Plaintiff's allegations that Donda breached the exclusivity and confidentiality provisions in his Report. Instead, the Magistrate Judge determined that the LOI is categorically non-binding and unenforceable under Florida law. [ECF 32 at 10-11.] This determination is incorrect for all the reasons already stated. The exclusivity and confidentiality obligations are separate and distinct from Donda's obligation to negotiate in good faith. The FAC alleges that Donda breached each of these three separate obligations. [ECF 7 at ¶¶ 51-52.]

benefit of its bargain for exclusive dealing rights. [Id. at ¶ 67.] The implied covenant of good faith and fair dealing in the LOI therefore required Donda to negotiate with Plaintiff in good faith prior to terminating their exclusive relationship; Donda did not do this. [Id. at ¶68.] Thus, whether express or implied, the LOI has a binding good-faith term. Plaintiff alleges that by refusing to negotiate a purchase agreement with Plaintiff on the already agreed upon terms—or any terms at all for that matter—and instead soliciting post-LOI offers and demanding a higher purchase price from Plaintiff and/or third parties, Donda materially breached the implied covenant of good faith and fair dealing in the LOI. [Id., at ¶69.] Taking Plaintiff's factual allegations as true, Plaintiff has sufficiently alleged that Donda had a duty to negotiate in good faith and failed to do so.

## V. The Magistrate Judge Erred in Dismissing Plaintiff's Unjust Enrichment Claim

Count V of the FAC alleges an unjust enrichment claim. Under Tennessee law, unjust enrichment is a quasi-contractual theory or an equitable substitute for a contract claim in which a court may impose a contractual obligation where one does not exist. *See Whitehaven Cmty. Baptist Church v. Holloway*, 973 S.W.2d 592, 596 (Tenn. 1998) (*citing Paschall's Inc. v. Dozier*, 219 Tenn. 45, 407 S.W.2d 150, 154-55 (Tenn. 1966)). Such contracts are not based upon the intention of the parties but are obligations created by law and are "founded on the principle that a party receiving a benefit desired by him, under the circumstances rendering it inequitable to retain it without making compensation, must do so." *Paschall's*, 407 S.W.2d at 154. A contractual obligation under an unjust enrichment theory will be imposed when: (1) no contract exists between the parties or, if one exist, it has become unenforceable or invalid; and (2) the defendant will be unjustly enriched absent a quasi-contractual obligation. *Holloway*, 973 S.W.2d at 596. In *Paschall's*, supra, the Tennessee Supreme Court stated:

> Each case must be decided according to the essential elements of
> quasi contract, to-wit: A benefit conferred upon the defendant by the

> plaintiff, appreciation by the defendant of such benefit, and acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof.

In this case, Donda denies the existence of an enforceable contract. Plaintiff alleges in the alternative to its breach of contract claim that it is entitled to recover under the doctrine of unjust enrichment if it is determined that either: (i) the LOI is not a valid and enforceable contract; (ii) the LOI does not cover the subject matter of the dispute between Plaintiff and Donda; or (iii) the LOI is void. [ECF 7 at ¶ 77.] As alleged, by unilaterally and unjustifiably terminating, abandoning, and failing to honor the LOI, Donda has caused Plaintiff to confer benefits on Donda through the ownership and increased expectancy revenue, profits, business value and equity value in the Property that rightfully belong to Plaintiff, but which Donda has wrongfully retained by virtue of its conduct. [Id. at ¶ 80.] As alleged, Donda knowingly and wrongfully obtained, accepted, received and retained, and has used, and will continue to use, to its economic benefit, the ownership and increased revenue, profits, business value and equity value in the Property that rightfully belong to Plaintiff. [Id. at ¶ 81.] As alleged, Plaintiff has lost the ownership and increased expectancy revenue, profits, business value and equity value in the Property that rightfully belong to Plaintiff as a result of Donda's wrongfully retention. [Id. at ¶ 82.]

The Magistrate Judge dismissed Plaintiff's unjust enrichment claim based on his determination that the FAC does not plausibly allege that Plaintiff conferred a benefit on Donda because "it is speculative that a final mutually-agreed bargain would have been reached." (ECF 32 at 12.) In the Magistrate Judge's view, the FAC presumes a non-existent fact: that Plaintiff would have bought the Property after good faith negotiations between the parties. [Id.] But the Magistrate Judge imposed too high a burden on Plaintiff at the motion to dismiss stage. In cases concerning bad faith negotiation, courts routinely allow plaintiffs to assert the claim that had it not

12

been for the defendant's bad faith the parties would have made a final contract to proceed subject to proof. Any uncertainty does not speak to the viability of a cause of action for breach of a contract to negotiate or for unjust enrichment; it speaks only to the nature of the proper remedy. *See, e.g., Butler*, 736 F.3d at 616; *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 96 F.3d 275, 278–79 (7th Cir. 1996); *SIGA Techs., Inc.*, 67 A.3d at 351.

Moreover, the Magistrate Judge disregarded the FAC's well-pleaded allegations and Rule 12(b)(6)'s mandate to construe the FAC in the light most favorable to Plaintiff, giving Plaintiff the benefit of all reasonable inferences that can be drawn from the allegations. In the FAC, Plaintiff alleges that "[t]he parties had agreed to negotiate in good faith and would have reached an agreement but for Donda's bad faith conduct during the negotiations." [ECF 7 at ¶¶ 34, 58.] Plaintiff further alleges that "[t]he parties had an implied obligation to negotiate in good faith and would have reached an agreement on the P&S Agreement but for Donda's bad faith conduct during the negotiations." [Id. at ¶ 70.]

The Magistrate Judge assumes that if speculation is required, the FAC should be dismissed, but once Plaintiff avers the parties would have reached an agreement but for Donda's bad faith, any uncertainty about whether the parties actually would have reached an agreement falls against the motion to dismiss, not the FAC. The above-referenced factual allegations raise Plaintiff's right to relief above the speculative level (to a plausible level), assuming (of course) that all the allegations in the FAC are true. *See Lanfear*, 679 F.3d at 1275. A reasonable jury could plausibly find that, absent Donda's actions, the parties would have finalized a contract. Whether Plaintiff's claim that the parties would have reached an agreement survives a similar challenge based on a fully developed record remains for another day. Just as with its breach of contract and breach of implied duty claims, if Plaintiff can prove that had it not been for Donda's bad faith conduct the

13

parties would have made a final contract, then the loss of the benefit of the LOI is a consequence of Donda's bad faith, and Donda is liable for that loss.

## VI. The Magistrate Judge Report Erred in Dismissing Plaintiff's Claims for Specific Performance and Declaratory Relief

The Magistrate Judge determined that Plaintiff's claims for specific performance (Count I) and declaratory relief (Count II) fail because there is no enforceable agreement between the parties. [ECF 32 at p. 11.] That is wrong for all the reasons articulated above.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court reject the Magistrate Judge's Report in its entirety and deny Donda's Motion to dismiss as to all claims in the FAC.

Respectfully submitted,

**CHRISTOPHER R. TURNER, PLLC**
2600 E. Robinson St.
Orlando, FL 32803
Telephone: 407-796-2278
Facsimile: 407-630-8737

By: /s/ Christopher R. Turner
Florida Bar Number 47150
eservice@crtlegal.com

Eric E. Renner, Esq.*
DUFFY & SWEENEY, LTD.
321 South Main Street, Suite 400
Providence, RI 02903
Phone: 401-455-0700
Fax: 401-455-0701
Email: erenner@duffysweeney.com

*Attorneys for Plaintiff, FI Real Estate Fund Two LP*
*\*Admitted Pro Hac Vice*

Date: August 29, 2023

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 29th day of August, 2023, a true copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and copies will be mailed to those indicated as non-registered participants.

               /s/ Christopher R. Turner